1  Sara B. Brody, SBN 130222
   sbrody@sidley.com
2  Jaime A. Bartlett, SBN 251825
   jbartlett@sidley.com
3  Sarah A. Hemmendinger, SBN 298659
   shemmendinger@sidley.com
4  SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
5  San Francisco, California  94104
   Telephone:  (415) 772-1200
6  Facsimile:  (415) 772-7400

7  Norman J. Blears, SBN 95600
   nblears@sidley.com
8  SIDLEY AUSTIN LLP
   1001 Page Mill Road, Building 1
9  Palo Alto, California  94304
   Telephone: (650) 565-7000
10 Facsimile: (650) 565-7100

11 *Attorneys for SunEdison, Ahmad Chatila,*
   *Brian Wuebbels, Antonio Alvarez, Emmanuel Hernandez,*
12 *Steven Tesoriere, Clayton Daley, Jr., James Williams,*
   *Georganne Proctor and Randy Zwirn*
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17 CHARLES BLOOM AND SHARON            Case No.
   BURNSTEIN, Individually and on Behalf of All
18 Others Similarly Situated           **NOTICE OF REMOVAL**

19                         Plaintiff,   [Removed from San Mateo Superior
                                        Court, Case No. CIV538022]
20          vs.

21 SUNEDISON, INC., *et al.*,

22                         Defendants.

23

24

25

26

27

28

─────────────────────────────────────────────
     DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant SunEdison, Inc. (hereinafter "SunEdison"), and Ahmad Chatila, Brian Wuebbels, Antonio Alvarez, Peter Blackmore, Emmanuel Hernandez, Steven Tesoriere, Clayton Daley, Jr., James Williams, Georganne Proctor, and Randy Zwirn (hereinafter "Individual Defendants" and collectively with SunEdison as "Defendants") hereby remove Case No. CIV538022, currently pending in the Superior Court of the State of California, County of San Mateo, and all claims and causes of action therein (the "Action"), to the United States District Court for the Northern District of California. As grounds for removal, the Defendants state as follows:

## JURISDICTION

2.      This Action may be removed under 28 U.S.C. § 1452(a) because it is "related to" a pending case under Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). This Court therefore has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b).

3.      This Court is part of the "district and division" embracing the place where this Action was filed—in Redwood City, in San Mateo County, California. *See* 28 U.S.C. § 84(c); Fed. R. Bankr. P. 9027(a).

## PROCEDURAL HISTORY

4.      On April 4, 2016, plaintiffs Charles Bloom and Sharon Burnstein, individually and on behalf of all others similarly situated, (hereinafter "Plaintiffs"), filed a complaint entitled *Bloom, et al. v. SunEdison, Inc. et al.* (hereinafter the "Complaint") in the Superior Court of the State of California, County of San Mateo (hereinafter "State Court Action"). A copy of the Complaint is attached hereto as Exhibit 1.

5.      The Complaint alleges that on or around August 19, 2015, SunEdison issued 650,000 shares of 6.75% Series A Perpetual Convertible Preferred Stock (the "SunEdison Preferred Offering"). Compl. ¶¶ 3, 32. This security is herein referred to as the "Subject Security."

6.      The Complaint alleges that on or about September 14, 2015, Plaintiff Charles Bloom

purchased 50 shares at $836.13 of SunEdison 6.75% Series A Perpetual Convertible Preferred Stock. Compl. ¶ 17.  The Complaint further alleges that on or about September 14, 2015, Plaintiff Sharon Burnstein purchased 50 shares at $836.13 of SunEdison 6.75% Series A Perpetual Convertible Preferred Stock.  Compl. ¶ 18.

7.      The Complaint alleges that Plaintiffs purchased the Subject Security pursuant to offering documents that contained untrue statements of material fact and omitted to state other material facts necessary to make the statements made in the offering documents not misleading in violation of Sections 11, 12, and 15 of the Securities Act of 1933 ("the 1933 Act").  Compl. ¶¶ 32-61; Causes of Action Nos. 1-3.

8.      The State Court Action is a putative class action, brought on behalf of all those who purchased the Subject Security pursuant or traceable to SunEdison's Offering and Registration Statement, and who were damaged thereby.  Compl. ¶¶ 62 - 67.

9.      No discovery has taken place in connection with the Action.

10.     Defendants' time to respond to the Complaint has not expired, and Defendants have not pled, answered, or otherwise generally appeared in the Action.

11.     No motions or other proceedings are pending in the Action.

12.     On April 25, 2016, SunEdison filed a Notice of Bankruptcy, which was served on all parties to the Action.

## TIMELINESS OF REMOVAL

13.     On April 21, 2016, SunEdison filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  *See In re SunEdison, Inc. et al.*, No. 16-10992-SMB (Bankr. S.D.N.Y. filed April 21, 2016) (hereinafter "SunEdison Bankruptcy Case").  As discussed in paragraphs 16-24, each of the claims asserted in the Action is "related to" the SunEdison Bankruptcy Case within the meaning of 28 U.S.C. § 1334(b).  This Court accordingly has original jurisdiction over the Action, thus providing a basis for removal under 28 U.S.C. § 1452(a).

14.     Removal of this Action is timely under Rule 9027 of the Federal Rules of Bankruptcy

Procedure ("Rule 9027"), which provides that a civil action that is commenced before the bankruptcy case may be removed within 90 days of the initiation of the bankruptcy case. *See* Fed. R. Bankr. P. 9027(a)(2).[1]  Because this Action was removed within 90 days of the initiation of the SunEdison Bankruptcy Case, removal is timely under Rule 9027.

15.     In the alternative, removal of this Action is timely under 28 U.S.C. § 1446(b) because defendants removed this Action within 30 days of the initiation of the relevant bankruptcy case. *See*, *e.g.*, *Trustees of the Masonic Hall and Asylum Fund v. PricewaterhouseCoopers LLP*, 2009 WL 290543, at *7-8 (S.D.N.Y. Feb. 6, 2009) (finding that defendant's removal of action was timely under § 1446(b) because action was removed within 30 days of defendant's discovery of third party bankruptcy filing, even though removal occurred more than a year after lawsuit was filed, because "[u]nder these circumstances it would make little sense to tie the petition for removal to the complaint rather than to the filing of the bankruptcy, or to the discovery of that filing by the defendant."); *cf. Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1249-50 (9th Cir. 2006) (removal pursuant to federal officer statute was timely because 30-day period under § 1446(b) did not start until defendant was on notice of particular grounds for removal asserted).  Because this Action was removed within 30 days of the initiation of the relevant bankruptcy cases, removal is timely under § 1446(b).

---

[1] Rule 9027(a)(2) permits removal within 90 days "after the order for relief in the case under the Code."  Fed. R. Bankr. P. 9027(a)(2).  "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."  11 U.S.C. § 301(b); *see also Edge Petroleum Operating Co., Inc. v. Duke Energy Trading & Marketing, LLC*, 312 B.R. 139, 144 n.2 (S.D. Tex. 2002) ("An order for relief is the date of the filing of a voluntary petition or the entry of an order granting an involuntary petition."); *Shared Network Users Group, Inc. v. WorldCom Techs., Inc.*, 309 B.R. 446, 449 (E.D. Pa. 2004) ("To superimpose the bright line 30 day removal deadline of § 1446(b) would undermine the specific statutory scheme of § 1452."); *In re Donington, Karcher, Salmond, Ronan & Rainone, P. A.,* 194 B.R. 750, 756 (D. N.J. 1996) ("[t]he majority of courts have upheld the applicability of Bankruptcy Rule 9027 to Section 1452 and enforced a ninety day time limitation."); *Textron Inv. Mgmt. Co., Inc. v. Struthers Thermo-Flood Corp.*, 169 B.R. 206, 210 (D. Kan. 1994) (Rule 9027 governs timeliness under § 1452, not § 1446(b)); *Gilbert v. AGCO Corp.*, 2009 WL 3672071, at *1 (N.D.N.Y. Oct. 30, 2009) (same); *GSL of Ill., LLC v. Pitt Penn Oil Co., LLC*, 2009 WL 1691815, at *2 (W.D. Pa. June 17, 2009) (same).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1452(A)**

**("RELATED-TO" BANKRUPTCY JURISDICTION)**

16.     Removal is proper under 28 U.S.C. §§ 1452(a) and 1334(b) because the Action is "related to" the SunEdison Bankruptcy Case.

17.     Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  In turn, 28 U.S.C. § 1334(b) confers jurisdiction upon this Court of all civil proceedings that are "related to cases under" the Bankruptcy Code.  This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b), and this Action may therefore be removed to this Court by Defendants pursuant to 28 U.S.C. 1452(a) because the Action is "related to" the SunEdison Bankruptcy Case.

18.     This Action is "related to" the SunEdison Bankruptcy Case because it could conceivably affect SunEdison's bankruptcy estate in multiple respects.  *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005); *Lone Star Fund V*, 594 F.3d 383, 386 (5th Cir. 2010) ("Federal courts have 'related to' subject matter jurisdiction over litigation arising from a bankruptcy case if the 'proceeding could conceivably affect the estate being administered in bankruptcy.'" (quoting *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007))); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 307-308 (1995) ("Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth." ).

19.     This Action is "related to" the SunEdison Bankruptcy Case because "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*…An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate."  *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis in original; citation omitted).  In this Action, findings of fact or judgments in favor of or against any of the other Defendants (including those Individual Defendants who are officers and directors of SunEdison) could impact SunEdison's own rights and liabilities

with respect to the Action.  Moreover, as explained below, assets of the bankruptcy estate include insurance coverage that is shared by SunEdison and the Individual Defendants, as well as possible rights of indemnity and contribution from the Individual Defendants to SunEdison related to Claims in the Action.  Any decision in the Action affecting SunEdison's access to the insurance coverage, or rights to indemnity or contribution may impact the administration of the bankruptcy estate.  So too would any findings of fact or decisions in the Action that could support claims for contribution or indemnity in favor of or against SunEdison.

20.     This Action is "related to" the SunEdison Bankruptcy Case because the Individual Defendants have claims against SunEdison for statutory contribution for Plaintiffs' claims arising under Section 11 of the Securities Act of 1933.  Section 11(f) (codified at 15 U.S.C. § 77k(f)) provides that "[E]very person who becomes liable to make any payment under this section may recover contribution as in cases of contract from any person who, if sued separately, would have been liable to make the same payment, unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation." *AmeriPride Servs. Inc. v. Texas E. Overseas Inc*., 782 F.3d 474, 490 n.7 (9th Cir. 2015) (quoting 15. U.S.C. § 77k(f)(1)).  Courts have repeatedly held that such statutory contribution claims confer "related to" bankruptcy jurisdiction. *See In re WorldCom, Inc. Sec. Litig*., 293 B.R. 308, 320 (S.D.N.Y. 2003) (finding that State court action was "related to" bankruptcy case "[b]ecause the effect of contribution claims [pursuant to 15 U.S.C. § 77k(f)(1)] on the bankruptcy estate is at the very least "conceivable"). [2]

21.     This Action is "related to" the SunEdison Bankruptcy Case because the Individual Defendants have an implied right of contribution against SunEdison for Plaintiffs' claims arising under Section 12 of the Securities Act of 1933. *See In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig*., 682 F. Supp. 1073, 1092 (C.D. Cal. 1987) ("[c]ourts have recognized

---

[2] Assuming, *arguendo,* that it is necessary for the Individual Defendants to show a "close nexus to a federal bankruptcy proceeding," which it is not, this case would still be related to the SunEdison Bankruptcy Case within the meaning of 28 U.S.C. § 1334(b) because their claims against SunEdison directly affect the administration of SunEdison's bankruptcy proceedings and the amounts available for distribution to creditors in those proceedings. *See, e.g., Stichting Pensioenfonds ABP*, 447 B.R. at 310-11; *Allstate Ins. Co. v. ACE Sec. Corp.*, 2011 U.S. Dist. LEXIS 91989, at *14-15 (S.D.N.Y. Aug. 17, 2011).

implied rights of contribution under [] § 12(2)) (internal citations and quotations omitted); *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp. 1364, 1383 (N.D. Cal. 1980) ("a party is permitted to receive contribution, even if found to have violated s 10(b), Rule 10b-5, s 17(a), and s 12(2). . . . Accordingly, contribution is permitted under federal law.") (internal citations and quotations omitted). *But See Pinter v. Dahl*, 486 U.S. 622, 631 (1988) (expressing "no view as to whether a right of contribution exists under § 12(1)").

22. This Action is "related to" the SunEdison Bankruptcy Case because the Individual Defendants and SunEdison are subject to potential joint and several liability for Plaintiffs' claims arising under Section 15 of the Securities Act of 1933. *See Laventhol, Krekstein, Horwath & Horwath v. Horwitch*, 637 F.2d 672, 674 (9th Cir. 1980) (construing 15 U.S.C.A. § 77k(f) to subject controlling persons who were found liable under 15 U.S.C.A. § 77o to statutory contribution); *see also In re First All. Mortgage Co.*, 269 B.R. 449, 454 (C.D. Cal. 2001) ("Here, the suits against the Individual Defendants are "related to" the bankruptcy proceeding because First Alliance and the Individual Defendants could become joint and severally liable for the damages in those cases.").

23. This Action is "related to" the SunEdison Bankruptcy Case because SunEdison and its officers and directors are insured under the same insurance policies that provide coverage for this Action. SunEdison may take the position that those policies and the proceeds of those policies are property of the bankruptcy estate, *see, e.g.*, Debtor's Motion for Order Authorizing Modification of the Automatic Stay, to the Extent Applicable, to Allow for Reimbursement and/or Payment of Defense Costs Under Directors' and Officers' Insurance Policies, No. 16-10992 (Bankr. S.D.N.Y. filed Apr. 21, 2016), Dkt. 32 at ¶¶ 10-12, 16, Exhibits C & D (asserting that applicable D&O policy is property of the estate but declining to take position as to whether proceeds of policy are property of the estate), and the SunEdison Bankruptcy Case may affect the ability of the Individual Defendants to access and receive coverage. *See Kennilworth Partners II LP v. Crisman*, 2001 WL 30534, at *3 (N.D. Cal. Jan. 3, 2001) ("any recovery by plaintiff would be subject to defendants' indemnification claims under Applied Magnetics' bylaws and claims for coverage under the company's directors and officers insurance policy. These amounts to be paid as a result of this

action certainly would have an effect on the estate of Applied Magnetics.  Accordingly, plaintiff's claims are related to that matter"); *In re Dow Corning Corp.*, 86 F.3d 482, 494-95 (6th Cir. 1996) (court had jurisdiction over litigation against non-debtor where non-debtors and debtor shared joint insurance); *A.H. Robins v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986) (actions are "related to" bankruptcy when brought against officers of debtor who may be entitled to indemnification under debtor's insurance policy).

24.     This Action is "related to" the SunEdison Bankruptcy Case because Plaintiffs' claims against the Individual Defendants are subject to indemnification pursuant to the SunEdison's Certificate of Incorporation.  Article Six of the SunEdison Certificate of Incorporation imposes broad indemnification obligations on SunEdison with respect to claims against the Individual Defendants, including obligations to pay attorneys' fees.  *See* SunEdison Certificate of Incorporation (Exhibit 2); *see also* 8 Del. C. § 102(b)(7) (statutory indemnification provision).  Numerous courts in the Ninth Circuit have held that an action is "related to" a bankruptcy case where there is an indemnification agreement between the defendant in the action and a debtor, even if the defendant is not guaranteed indemnification and its claim for indemnification is contingent.  *See Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, 2003 WL 22025158, at *1–2 (C.D. Cal. Jun. 30, 2003) (finding claims by purchasers of WorldCom bonds against underwriters and/or auditors of WorldCom's public offerings were within "related to" jurisdiction because defendants had written indemnification agreements with WorldCom for liabilities arising from false or misleading statements contained in registration statements or prospectus related to bond offerings); *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003) (similar); *see also Hendricks v. Detroit Diesel Corp.*, 2009 WL 4282812, at *6 (N.D. Cal. Nov. 25, 2009); *Parke v. Cardsystems Sols., Inc.*, 2006 WL 2917604, at *4 (N.D. Cal. Oct. 11, 2006); *In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 2011 WL 4712177, at *2 (W.D. Wash. Oct. 6, 2011).

## SECTION 22(A) OF THE 1933 ACT DOES NOT BAR REMOVAL

25.     Plaintiffs' claims under the 1933 Act do not render this Action non-removable under the "removal bar" provision of Section 22(a) of the 1933 Act, 15 U.S.C. § 77v ("Section 22(a)").

Section 22(a) precludes the removal of actions under the general removal statute, 28 U.S.C. § 1441(a), but "does not prevent removal based on other grounds." *Pac. Life Ins. Co.*, 2003 WL 22025158 at *2.

26.      Plaintiffs' claims are removable under 28 U.S.C. § 1452 notwithstanding the removal bar of Section 22(a). *See Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 108 (2d Cir. 2004) ("[G]enerally nonremovable claims brought under the Securities Act of 1933 may be removed to federal court if they come within the purview of 28 U.S.C. § 1452(a), which confers federal jurisdiction over claims that are related to a bankruptcy case."); *accord Fed. Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc.*, 2010 WL 5394742, at *6 (N.D. Cal. Dec. 20, 2010); *Carpenters Pension Trust for Southern California v. Ebbers*, 299 B.R. 610, 613-615 (C.D. Cal. Sept. 9, 2003); *see also* Order Denying Plaintiffs' Motion to Remand, *Luther v. Countrywide Fin. Corp.*, No. 12-cv-5125 (C.D. Cal. Aug. 31, 2012).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

27.      Defendants state that the claims asserted against them are non-core within the meaning of 28 U.S.C. § 157(b)(2). As required by Rule 9027(a)(1), Defendants state that they do not consent to entry of final order of judgment by any bankruptcy judge.

28.      As required by 28 U.S.C. § 1446(a) and Rule 9027(a)(1), copies of all process, pleadings, and orders served upon Defendant are attached hereto as Exhibit 1.

29.      Pursuant to 28 U.S.C. § 1446(d) and Rule 9027(b), written notice of the filing of this Notice of Removal and a copy thereof will be given to all parties.

30.      Consent to removal is not required under the bankruptcy removal statute. *See* 28 U.S.C. § 1452(a). Nonetheless, all non-dismissed defendants named and/or served in this Action consent to the removal of this Action.

31.      The Defendants sign this Notice of Removal under Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

32.      The Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement" of the grounds for removal. Fed. R. Bankr. P.

9027(a).

## **CONCLUSION**

33.     This Court has original jurisdiction over this Action under 28 U.S.C. § 1334(b), and this Action is removable under 28 U.S.C. § 1452(a).

Dated:  April 26, 2016                                  Respectfully Submitted,


By      /s/ Sara B. Brody
       Sara B. Brody (State Bar No. 130222)

       SIDLEY AUSTIN LLP
       555 California Street, Suite 2000
       San Francisco, California  94104
       Telephone:  (415) 772-1200
       Facsimile:  (415) 772-7400
       sbrody@sidley.com

       *Attorneys for SunEdison, Ahmad*
       *Chatila, Brian Wuebbels, Antonio*
       *Alvarez, Emmanuel Hernandez,*
       *Steven Tesoriere, Clayton Daley, Jr.,*
       *James Williams, Georganne Proctor*
       *and Randy Zwirn*


By:     /s/ Brett Hammon
       Brett Hammon (State Bar No. 288325)

       WILMER CUTLER PICKERING
       HALE AND DORR LLP
       950 Page Mill Road
       Palo Alto, CA 94304
       Telephone: (650) 858-6000
       Facsimile (650) 858-6100
       Brett.Hammon@wilmerhale.com

       *Attorney for Peter Blackmore*

## **SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing document.  In compliance with Civil L.R. 5-1, I hereby attest that the signatory has concurred in this filing.

Dated:  April 26, 2016

Respectfully Submitted,

By:   /s/ Sara B. Brody
      Sara B. Brody, SBN 130222

SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
Telephone:  (415) 772-1200
Facsimile:  (415) 772-7400
sbrody@sidley.com

*Attorneys for SunEdison, Ahmad Chatila, Brian Wuebbels, Antonio Alvarez, Emmanuel Hernandez, Steven Tesoriere, Clayton Daley, Jr., James Williams, Georganne Proctor and Randy Zwirn*

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION